**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ALEJANDRO COMACHO-LOPEZ,      )
                                     )
              Movant,       )
                                     )
        vs.             )      No. 4:05CV19-DJS
                                     )
UNITED STATES OF AMERICA,      )
                                     )
        Respondent.   )

<u>**MEMORANDUM OPINION**</u>

On April 30, 2003, movant pled guilty before this Court in Cause No. 4:03CR110-DJS to illegal reentry after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §1326(a) and punishable under §1326(b)(2). On August 8, 2003, the Court sentenced movant to 41 months' imprisonment, to be followed by a three-year term of supervised release. The conviction and sentence were affirmed on direct appeal. <u>United States v. Comacho-Lopez</u>, 96 Fed.Appx. 432 (8th Cir. 2004). Now before the Court is movant Alejandro Comacho-Lopez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Movant's grounds for relief are not clearly stated or easily understood. To the extent movant seeks relief on the basis of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), such relief is unavailable to him in these proceedings. The rule announced in the Supreme Court's recent holding in <u>United States v. Booker</u>, 125

S.Ct. 738 (2005), does not apply retroactively to cases on collateral review.  See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) [per curiam].

Movant may be understood to challenge the constitutionality of the 16-point sentencing enhancement pursuant to §2L1.2(b)(a)(A)(ii), based on his previous deportation after a conviction for a felony crime of violence.  The Court notes that at the time of his guilty plea, movant stipulated that prior to his illegal reentry he was convicted for aggravated assault. Stipulation of Facts Relative to Sentencing [Doc. #24 in Cause No. 4:03CR110-DJS], p.2.  The indictment put movant on notice that he was charged with reentry following deportation after conviction of an aggravated felony, and that the offense was punishable under 8 U.S.C. §1326(b)(2) by imprisonment of up to 20 years.  Indictment [Doc. #1 in Cause No. 4:03CR110-DJS], pp.1-2.  Movant's 41-month sentence is clearly not beyond the maximum authorized by law for the offense of conviction.

If movant attempts to collaterally attack the state conviction for aggravated assault, the attempt is here rejected. First, the Court notes that movant's attempt to do so on direct appeal was rejected by the Eighth Circuit.  United States v. Comacho-Lopez, 96 Fed.Appx. 432, 433 (8th Cir. 2004) ["Camacho cannot collaterally attack his prior state conviction in proceedings for the instant offense"].  Second, such a collateral attack on underlying state convictions used to enhance a federal

2

sentence is not available.  <u>See</u> <u>United States v. Walker</u>, 202 F.3d 1066, (8th Cir. 2000), *citing* <u>Custis v. United States</u>, 511 U.S. 485 (1995) [with limited exception of denial of counsel claims, collateral attacks on prior convictions used to enhance sentence are not permitted].

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief on any basis argued in support of his §2255 motion.  Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this ___30th___ day of September, 2005.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE